UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
DOUGLAS R. MILLER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7770
MDD_DRMChambers@mdd.uscourts.gov

September 29, 2025

LETTER TO ALL COUNSEL OF RECORD

Re:  *Steven B. v. Frank Bisignano, Commissioner, Social Security Administration*[1]
Civil No. 24-2703-DRM

Dear Counsel:

On September 9, 2024, Plaintiff Steven B. ("Plaintiff") petitioned this Court to review the Social Security Administration's ("SSA's" or "Commissioner's" or "Defendant's") final decision to deny Plaintiff's claim for Social Security benefits. ECF 1. This case was then referred to Judge Austin with the parties' consent and later transferred to the undersigned. *See* 28 U.S.C. § 636; Loc. R. 301. I have considered the record in this case, ECF 7, and the parties' briefs, ECFs 10 and 12. I find that no hearing is necessary. *See* Loc. R. 105.6. The Court must uphold the decision of the SSA if it is supported by substantial evidence and if the SSA employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will REMAND the case to the Commissioner for further consideration. This letter explains why.

I. **PROCEDURAL BACKGROUND**

Plaintiff filed a Title II application for Disability Insurance Benefits ("DIB") on January 25, 2022, alleging a disability onset of January 1, 2018. Tr. 79, 85. Plaintiff's claims were denied initially and on reconsideration. Tr. 105-108, 111-13. On March 13, 2024, an Administrative Law Judge ("ALJ") held a hearing. Tr. 45. Following the hearing, on April 1, 2024, the ALJ determined that Plaintiff was not disabled within the meaning of the Social Security Act[2] during the relevant time frame. Tr. 23. The Appeals Council denied Plaintiff's request for review, Tr. 12, so the ALJ's decision constitutes the final, reviewable decision of the SSA, *Sims v. Apfel*, 530 U.S. 103, 106–07 (2000); *see also* 20 C.F.R. § 422.210(a).

---

[1] Plaintiff filed this case against Martin O'Malley, the Commissioner of Social Security on September 19, 2024. ECF 1. Frank Bisignano became the Commissioner of Social Security on May 7, 2025. Accordingly, Commissioner Bisignano has been substituted as this case's Defendant pursuant to Federal Rule of Civil Procedure 25(d). *See* Fed. R. Civ. P. 25(d).

[2] 42 U.S.C. §§ 301 et seq.

*Steven B. v. Bisignano*
Civil No. 24-02703-DRM
September 29, 2025
Page 2

## II.   THE ALJ'S DECISION

Under the Social Security Act, disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. §§ 404.1505(a), 416.905(a). The ALJ is required to evaluate a claimant's disability determination using a five-step sequential evaluation process. *See* 20 C.F.R. §§ 404.1520, 416.920. "Under this process, an ALJ evaluates, in sequence, whether the claimant: '(1) worked during the alleged period of disability; (2) had a severe impairment; (3) had an impairment that met or equaled the requirements of a listed impairment; (4) could return to [their] past relevant work; and (5) if not, could perform any other work in the national economy.'" *Kiser v. Saul*, 821 F. App'x 211, 212 (4th Cir. 2020) (citation omitted) (quoting *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012)).

Here, at step one, the ALJ determined that Plaintiff "did not engage in substantial gainful activity during the period from his alleged onset date of January 1, 2018 through his date last insured of March 31, 2020[.]" Tr. 28. At step two, the ALJ found that Plaintiff suffered from the severe impairments of "humeral head avascular necrosis; history of distal clavicle excision; and cervical and lumbar degenerative disc disease." Tr. 28. The ALJ also determined that Plaintiff suffered from the non-severe impairments of "sinus infection and a history of substance use." Tr. 29. At step three, the ALJ determined that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1." Tr. 30. Despite these impairments, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to "perform the full range of light work as defined in 20 CFR 404.1567(b)." Tr. 30.

The ALJ determined that Plaintiff was unable to perform past relevant work as a liquor store sales representative (DOT[3] # 260.357-018) or electrician (DOT # 824.261-014) but could perform other jobs that existed in significant numbers in the national economy. Tr. 35-36. Therefore, the ALJ concluded that Plaintiff was not disabled. Tr. 37.

## III.   LEGAL STANDARD

The scope of the Court's review is limited to determining whether substantial evidence supports the ALJ's factual findings and whether the decision was reached through the application of the correct legal standards. *See Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). "The findings of the [ALJ] . . . as to any fact, if supported by substantial evidence, shall be conclusive

---

[3] The "DOT" is the Dictionary of Occupational Titles. "The *Dictionary of Occupational Titles*, and its companion, *Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles* . . . , are [SSA] resources that list occupations existing in the economy and explain some of the physical and mental requirements of those occupations. U.S. Dep't of Labor, *Dictionary of Occupational Titles* (4th ed. 1991); U.S. Dep't of Labor, *Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles* (1993)." *Pearson v. Colvin*, 810 F.3d 204, 211 n.1 (4th Cir. 2015).

. . . ." 42 U.S.C. § 405(g). Substantial evidence is "evidence which a reasoning mind would accept as sufficient to support a particular conclusion." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966). It is "more than a mere scintilla . . . and somewhat less than a preponderance." *Id.* In conducting the "substantial evidence" inquiry, my review is limited to whether the ALJ analyzed the relevant evidence and sufficiently explained their findings and rationale in crediting the evidence. *See, e.g.*, *Sterling Smokeless Coal Co. v. Akers*, 131 F.3d 438, 439–40 (4th Cir. 1997); *DeLoatche v. Heckler*, 715 F.2d 148, 150 (4th Cir. 1983) ("Judicial review of an administrative decision is impossible without an adequate explanation of that decision by the [ALJ].").

### IV.   ANALYSIS

Plaintiff raises two arguments on appeal, specifically that the ALJ erroneously calculated Plaintiff's RFC and that the ALJ improperly addressed Plaintiff's subjective complaints. ECF 10, at 3, 15. Defendant counters that the ALJ's analysis of Plaintiff's RFC is supported by substantial evidence and that the ALJ applied the proper legal standards when evaluating Plaintiff's subjective complaints. ECF 12 at 3, 12.

The Court agrees with Plaintiff that the ALJ erroneously calculated Plaintiff's RFC by overlooking record evidence that supported Plaintiff's claim he suffered from cirrhosis of the liver, and will remand on that basis. In her opinion, the ALJ stated unequivocally that there was no evidence in the record of the Plaintiff suffering cirrhosis of the liver prior to his date last insured, a finding that weighed significantly in the ALJ's RFC analysis. Tr. 29. Specifically, when discussing Plaintiff's alleged impairments, the ALJ states:

> Additionally, at his hearing, the claimant's representative argued that the claimant suffers from disabling cirrhosis of the liver, but there is no evidence to support the presence of a medically determinable impairment prior to the expiration of the claimant's insured status. Specifically, it was not until September 23, 2020 (almost six months after his insured status expired), that the claimant first sought treatment for a complaint of abdominal pain.

Tr. 29. However, Plaintiff correctly points out that the ALJ's statement is incorrect. According to evidence in the record, specifically a document authored by a treating medical provider, Plaintiff was treated for "[a]lcoholic cirrhosis of liver" at Johns Hopkins on September 21, 2015. Tr. 566. This document clearly provides pertinent evidence of a medically determinable impairment that existed four years before the expiration of claimant's insured status.

As an initial matter, ALJs have a duty to develop the administrative record. Furthermore, an ALJ has the duty to explore all relevant facts and to inquire into issues necessary for adequate development of the record. *See, e.g.*, *Fleming v. Barnhart*, 284 F. Supp. 2d 256, 272 (D. Md. 2003) ("It is well understood that it is the ALJ's duty to develop the record"). The ALJ "cannot rely on the evidence submitted by the claimant when that evidence is inadequate." *Cook v. Heckler*, 783 F.2d 1168, 1173 (4th Cir. 1986).

*Steven B. v. Bisignano*
Civil No. 24-02703-DRM
September 29, 2025
Page 4

The Court disagrees with Defendant's characterization of the record. ECF 12. The portions of the record referenced by Plaintiff, specifically those from Johns Hopkins Medicine at Tr. 566, provide objective medical evidence that Plaintiff was treated for cirrhosis of the liver prior to his date last insured. The ALJ states the opposite at multiple points in her RFC analysis, dismissing Plaintiff's subjective complaints because, ostensibly, no objective medical evidence existed in the record that Planitiff sought treatment for cirrhosis of the liver. Tr. 29, 34.

For example, in her RFC analysis, the ALJ states:

> Additionally, as discussed in step two of the sequential evaluation process, the undersigned fully considered the claimant's current impairment related complaints that primarily involve symptoms related to cirrhosis of the liver. However, the claimant must establish the presence of disabling impairments prior to the expiration of his insured status. Evidence of new developments after the expiration of his insured status are generally not relevant. The evidence may only be examined when it establishes that the impairment existed continuously and in the same degree from the date the claimant's insured status terminated. In this case, the more contemporaneous evidence does not relate back to the period before the expiration of the claimant's insured status because it does not show the presence of cirrhosis as a medically determinable impairment prior to his date last insured.

Tr. 34.

Thus, the ALJ's error here is far from harmless, as it went on to affect her RFC analysis, and led to her rejection of Plaintiff's subjective complaints, even though they were supported by objective medical evidence in the record that predated Plaintiff's date last insured. Tr. 566.

Because the case is being remanded on the above grounds, I need not address Plaintiff's other argument(s). On remand, the ALJ is welcome to consider these arguments and make any required adjustments to the opinion. Additionally, in remanding for further explanation, the Court expresses no opinion as to whether the ALJ's conclusion that Plaintiff is not entitled to benefits is correct.

### V.    CONCLUSION

For the reasons set forth herein, and pursuant to sentence four of 42 U.S.C. § 405(g), the SSA's judgment is REVERSED due to inadequate analysis. The case is REMANDED for further proceedings in accordance with this opinion. The clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be docketed as a Memorandum Opinion. A separate implementing Order follows.

*Steven B. v. Bisignano*
Civil No. 24-02703-DRM
September 29, 2025
Page 5

        Sincerely,

        _____/s/_____

        Douglas R. Miller
        United States Magistrate Judge